UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | 2:14-cv-03403-CAS(Ex) | Date | June 2, 2014 |
|---|---|---|---|
| Title | MARIA M. MACIEL V. SIGNATURE FLIGHT SUPPORT CORPORATION, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers:) ORDER REMANDING CASE TO LOS ANGELES SUPERIOR COURT

(In Chambers:) MOTION TO DISMISS (Dkt. #13, filed May 9, 2014)

The Court finds defendant Signature Flight Support's ("Signature") motion to dismiss appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of June 9, 2014, is vacated, and the matter is hereby taken under submission.

## I.    INTRODUCTION AND BACKGROUND

Plaintiff Maria Maciel filed this action in Los Angeles County Superior Court on March 26, 2014, against defendants Signature Flight Support ("Signature"), BBA Aviation ("BBA"), Richard Walker, Eric Hill, and Does 1-50. Dkt. #1. The complaint asserts the following claims for relief: (1) failure to pay earned wages, in violation of Labor Code[1] section 204; (2) failure to pay minimum wage, in violation of the Labor Code and Industrial Welfare Commission ("IWC") Wage Order 4-2001; (3) failure to pay overtime compensation, in violation of the Labor Code and IWC Wage Order 4-2001; (4) failure to pay meal period compensation, in violation of the Labor Code and IWC Wage Order 4-2001; (5) failure to pay rest period compensation, in violation of the Labor Code and IWC Wage Order 4-2001; (6) failure to indemnify for all necessary expenditures and

---

[1] All references to "Labor Code" are to the California Labor Code, unless otherwise noted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | 2:14-cv-03403-CAS(Ex) | Date | June 2, 2014 |
|---|---|---|---|
| Title | MARIA M. MACIEL V. SIGNATURE FLIGHT SUPPORT CORPORATION, ET AL. | | |

losses, in violation of the Labor Code and IWC Wage Order 1-2001; (7) failure to furnish wage statements, in violation of Labor Code section 226; (8) waiting time penalties, in violation of Labor Code section 203; (9) conversion; (10) unfair competition, in violation of California Business & Professions Code section 17200, et seq.; (11) breach of contract; (12) wrongful termination in violation of public policy; (13) disability discrimination, in violation of California Government Code section 12940(a); (14) wrongful termination in violation of public policy[2]; (15) failure to accommodate a disability, in violation of California Government Code section 12940(m); (16) failure to engage in the interactive process; (17) wrongful termination in retaliation for requesting reasonable accommodation; (18) intentional infliction of emotional distress; and (19) negligence per se. Id.

The complaint asserts claims (1) through (8), (10), (11), (18), and (19) against defendants Signature and BBA. The remaining claims are asserted against all defendants. Id. The complaint alleges that plaintiff, as well as defendants Hill and Walker are citizens of California. The complaint does not allege the citizenship of Signature or BBA.

Signature filed a notice of removal in this Court on May 2, 2014, contending that this Court has original jurisdiction over this action based on diversity of citizenship. Id. Signature avers that it is a Delaware corporation with its principal place of business in Florida, Goldstein Decl. ¶¶ 3-4, and states that "[t]here is no entity that exists that is called BBA Aviation," id. ¶ 5. Signature acknowledges that the complaint alleges that plaintiff, as well as defendants Walker and Hill, are citizens of California. Id. However, Signature contends Walker and Hill are "sham" defendants, whose citizenship can be disregarded for the purposes of assessing this Court's subject matter jurisdiction. Id. On May 14, 2014, this Court issued an order to show cause why this case should not be remanded to Los Angeles Superior Court due to the absence of federal subject matter jurisdiction. Dkt. #17. Signature responded on May 28, 2014, dkt. #20, and plaintiff replied on June 2, 2014, dkt. #21. After considering the parties' arguments, the Court finds and concludes as follows.

---

[2] The complaint appears to assert two separate claims for wrongful termination in violation of public policy.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | 2:14-cv-03403-CAS(Ex) | Date | June 2, 2014 |
|---|---|---|---|
| Title | MARIA M. MACIEL V. SIGNATURE FLIGHT SUPPORT CORPORATION, ET AL. | | |

## II.  LEGAL STANDARD

Removal is proper where the federal courts have original jurisdiction over an action brought in state court.  28 U.S.C. § 1441(a).  Pursuant to 28 U.S.C. § 1332(a), the federal courts have original jurisdiction over state law actions only where the amount in controversy exceeds $75,000 and the action is between parties of diverse citizenship.

An exception to the requirement of complete diversity exists where it appears that a plaintiff has fraudulently joined a "sham" non-diverse defendant.  Judge William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial  ¶ 2:670 (The Rutter Group 2005).  If a court finds fraudulent joinder of a "sham" defendant, it may disregard the citizenship of the "sham" defendant for removal purposes.  Id. "Fraudulent joinder" is a term of art, and requires no proof of scienter on the part of the plaintiff.  Id. ¶ 2:671.  Instead, a non-diverse defendant is said to be fraudulently joined where "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state."  McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).

Courts also recognize a "strong presumption" against removal jurisdiction; the burden is on the removing defendant to demonstrate that removal is proper.  See, e.g., Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  Similarly, "courts generally employ a presumption against fraudulent joinder."  Diaz v. Allstate Ins. Group, 185 F.R.D. 581, 586 (C.D. Cal. 1998) (citations omitted).

Accordingly, "[t]he burden of proving a fraudulent joinder is a heavy one.  The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court . . ."  Green v. Amerada Hess Corp., 707 F.2d 201, 205 (5th Cir. 1983) (citations omitted); see also Dodson v. Spiliada Mar. Corp., 951 F.2d 40, 42 (5th Cir. 1992) ("We do not decide whether the plaintiff will actually or even probably prevail on the merits, but look only for a possibility that he may do so.  If that possibility exists, then a good faith assertion of such an expectancy in a state court is not a sham . . . and is not fraudulent in fact or in law.") (citations and internal quotation marks omitted); Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in state

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | 2:14-cv-03403-CAS(Ex) | Date | June 2, 2014 |
|---|---|---|---|
| Title | MARIA M. MACIEL V. SIGNATURE FLIGHT SUPPORT CORPORATION, ET AL. | | |

court against the alleged sham defendant.") (citing Dodson 951 F.2d at 42). In accordance with this high standard, courts must resolve all issues of fact and all ambiguities in the law in favor of the non-removing party when deciding whether fraudulent joinder exists in a given case. Dodson, 951 F.2d at 42. Further, the court may consider "affidavits or other evidence (presented by either party) on the issue of whether a particular defendant's joinder is sham or 'fraudulent.'" Schwarzer ¶ 2:681 (citing W. Am. Corp. v. Vaughan Basset Furniture, 765 F.2d 932, 936 n.6 (9th Cir. 1985)).

### III.  DISCUSSION

Signature argues that defendants Hill and Walker are sham defendants because the complaint fails to state a claim against them, and this failure is obvious according to the settled rules of California law. Dkt. #1 (citing McCabe, 811 F.2d at 1339). The primary basis for Signature's argument is that Hill and Walker were plaintiff's supervisors, and under California law, supervisors are not personally liable for claims of wrongful termination or discrimination arising from actions taken in the scope of their employment.

This argument fails. Here, the complaint asserts a claim against all defendants for intentional infliction of emotional distress ("IIED"), Compl. ¶¶ 126-29, and it is by no means clear that plaintiff's sole basis for this claim is defendants' alleged wrongful termination and/or discrimination. Given that defendants must "meet [a] heavy burden of showing that there is no possibility that the plaintiff will be able to establish" a claim for relief against Hill and Walker, see Vigil v. HMS Host USA, Inc., 2012 WL 3283400, at *4 (N.D. Cal. Aug. 10, 2012), the Court finds that Hill and Walker are not fraudulently joined as to plaintiff's IIED claim. This is especially so in view of the fact that fraudulent joinder is not present unless the claim is "[in]curable by amendment." See Martinez v. Gen. Dynamics C4 Sys., Inc., 2012 WL 1831569, at *2 (N.D. Cal. May 18, 2012).

Signature also contends that there is no possibility that plaintiff can state a claim for IIED because such claims are preempted by the California Worker's Compensation Act. The Court disagrees. California Labor Code section 3601 provides that "the right to recover [worker's] compensation . . . is . . . the exclusive remedy for injury . . . of an employee against any other employee . . . acting within the scope of his or her employment." However, an exception to this rule exists if the conduct underlying the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | 2:14-cv-03403-CAS(Ex) | Date | June 2, 2014 |
|---|---|---|---|
| Title | MARIA M. MACIEL V. SIGNATURE FLIGHT SUPPORT CORPORATION, ET AL. | | |

IIED claim "contravenes fundamental public policy." Miklosy v. Regents of Univ. of Cal., 44 Cal. 4th 876, 902 (2008). Such "fundamental public policy" must have a "basis in either constitutional or statutory provisions." Nikcevich v. Interstate Mgmt., 2007 WL 754625, at *2 (E.D. Cal. March 8, 2007). Here, it is possible that plaintiff will be able to amend her complaint to allege a basis for an IIED claim that contravenes a "fundamental public policy." See id. Thus, the Court finds that Signature's preemption argument does not provide a basis for concluding that Hill and Walker are fraudulently joined.[3] See Martinez, 2012 WL 1831569, at *2 (N.D. Cal. May 18, 2012). Accordingly, the Court concludes that it lacks subject matter jurisdiction over this action because plaintiff, as well as defendants Hill and Walker, are citizens of California.

### IV. CONCLUSION

Based on the foregoing, this action is hereby REMANDED to Los Angeles County Superior Court. Additionally, since this Court lacks subject matter jurisdiction over this action, Signature's motion to dismiss is DENIED without prejudice as moot.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |

---

[3] Since the Court finds that Hill and Walker are not fraudulently joined as to plaintiff's IIED claim, the Court need not address Signature's contention that Hill and Walker are fraudulently joined with respect to plaintiff's retaliation claim.